333 A.2d 747
COMMONWEALTH of Pennsylvania
v.
Cleveland ABNER, Appellant.

Supreme Court of Pennsylvania.

Argued Nov. 18, 1974.

Decided March 18, 1975.

322

Louis M. Natali, Jr., Segal, Appel & Natali, Philadelphia, for appellant.

F. Emmett Fitzpatrick, Jr., Dist. Atty., Richard A. Sprague, First Asst. Dist. Atty., Steven H. Goldblatt, Asst. Dist. Atty., Chief, Appeals Div., James Garrett, Asst. Dist. Atty., Abraham J. Gafni, Deputy Dist. Atty. for Law, Philadelphia, for appellee.

Before JONES, C. J., and EAGEN, O'BRIEN, ROBERTS, POMEROY, NIX and MANDERINO, JJ.

## OPINION OF THE COURT

O'BRIEN, Justice.

Appellant, Cleveland Abner, was tried by a judge and jury and found guilty of murder in the first degree and aggravated robbery. Post-trial motions were denied, and appellant was sentenced to life imprisonment for the first-degree murder conviction and a concurrent sentence of ten to twenty years for the aggravated robbery conviction. This appeal followed.

Appellant's conviction arose out of the robbery-murder of Arthur Rudolph, age seventy-seven, in the City of Philadelphia, on January 2, 1971.

Appellant first argues that his confession was the product of an unnecessary delay between his arrest

and arraignment and, therefore, should have been excluded. We do not agree.

The facts surrounding appellant's confession are as follows. On January 2, 1971, appellant, age eighteen, was arrested at his home at approximately 6:30 p. m. He was then transferred to police headquarters and his mother followed in a separate police vehicle. Appellant arrived at police headquarters at 7:30 p. m., and was advised of the charges against him. He was then left alone until 8:15 p. m., when he was taken to the men's room. At 9:15 p. m., appellant was given his *Miranda* rights, which he chose to waive. From 9:15 p. m., until 10:00 p. m., appellant was interviewed by police and gave an oral admission admitting his complicity in the homicide of Arthur Rudolph. At 10:15 p. m. appellant was rewarned of his *Miranda* rights and thereafter gave a formal written statement which was the same as his oral statement. The formal statement was concluded at 11:30 p. m., on January 2, 1971.

We are of the opinion that the delay from 7:30 p. m. until 9:15 p. m., when appellant gave oral admission, was not unnecessary. The one-and-three-quarter-hour period was used by the police to inform appellant of the charges against him and to feed appellant. In *Commonwealth v. Rowe,* 459 Pa. 163, 327 A.2d 358, 361, we were presented with an analogous situation and held that the "initial delay, primarily an administrative one, cannot on this record be viewed as unnecessary."

Having found appellant's oral admission was not the product of any unnecessary delay and that the oral admission was, in substance, the same as his formal written statement, any unnecessary delay involved in obtaining the formal written statement would not be prejudicial to appellant, since the written statement was, in substance, the same as the oral statement.

Lastly, appellant argues that the Commonwealth failed to prove beyond a reasonable doubt that the death of the

324

victim was a result of the blows inflicted by appellant. We do not agree. The Commonwealth's pathologist who performed the post-mortem on the victim stated that based on his examination, and in his medical opinion, the blows inflicted on the victim were the cause of the victim's death. See *Commonwealth v. Webb*, 449 Pa. 490, 296 A.2d 734 (1972).

Judgments of sentence affirmed.

POMEROY, J., filed a concurring opinion.

MANDERINO, J., concurs in the result.

POMEROY, Justice (concurring).

I concur in the result but do not join in the opinion of the Court because it involves a retrospective application of the exclusionary rule first announced in *Commonwealth v. Futch*, 447 Pa. 389, 290 A.2d 417 (1972). *See* the dissenting opinion of this writer in *Commonwealth v. Johnson*, 459 Pa. 171, 327 A.2d 618, 620 (1974) and the opinions therein cited. See also *Commonwealth v. Wilson*, —— Pa. ——, —— n. 6, 329 A.2d 881, 884 n. 6 (1974). (Opinion in support of affirmance).