334 A.2d 275

COMMONWEALTH of Pennsylvania

v.

**Alan B. DAVIS, Appellant.**

Supreme Court of Pennsylvania.

Submitted Nov. 11, 1974.

Decided March 18, 1975.

Dennis H. Eisman, Philadelphia, for appellant.

F. Emmett Fitzpatrick, Jr., Dist. Atty., Richard A. Sprague, 1st Asst. Dist. Atty., Steven H. Goldblatt, Asst. Dist. Atty., Chief, Appeals Div., Maxine J. Stotland, Asst. Dist. Atty., Abraham J. Gafni, Deputy Dist. Atty. for Law, Philadelphia, for appellee.

Before JONES, C. J., and EAGEN, O'BRIEN, ROBERTS, POMEROY, NIX and MANDERINO, JJ.

## OPINION OF THE COURT

O'BRIEN, Justice.

Appellant, Alan B. Davis, was tried by a judge sitting with a jury and found guilty of two counts of murder in the first degree and aggravated robbery. Post-trial motions were denied and appellant was sentenced to two terms of life imprisonment and a term of fifteen to thirty years for aggravated robbery, which sentence was to run concurrently with the life imprisonment sentences. This appeal followed.

Appellant's conviction arose out of the robbery-death of David Bodenstein and his wife, Mary, on May 16, 1970, who were the proprietors of a novelty shop in Philadelphia.

Appellant first argues that his confession should have been suppressed as being the product of an unnecessary delay between his arrest and arraignment. We do not agree.

The facts surrounding appellant's confession are as follows: Appellant was arrested on May 17, 1970, at 1:25 p. m., in the home of Ruth Upchurch; he was then transported to police headquarters, where he arrived at 2:05 p. m. At 2:37 p. m., appellant was given his *Miranda*

warnings and chose to waive them. At 3:00 p. m. on May 17, 1970, appellant gave an oral admission in which he admitted his complicity in the robbery-murders. At 4:40 p. m., appellant gave a signed formal statement in which he again admitted to the robbery-murders; this statement was concluded at 7:00 p. m. and was in essence the same as his oral admission. Appellant was thereafter arraigned at 1:00 p. m. on May 18, 1970, twenty-four hours after his arrest.

■■ On the record before us, we find no unnecessary delay in appellant's arraignment which contributed to his confession. Appellant orally confessed to the homicides within one hour after his arrival at police headquarters and within thirty minutes after his actual questioning began. Since appellant's oral statement was the same as his written confession, any delay in arraignment after the oral confession would not be prejudicial to appellant, since he had already admitted his participation in the homicides. See *Commonwealth v. Rowe*, 459 Pa. 163, 327 A.2d 358 (1974).

Last, appellant raises allegations of error which we need not discuss because of his failure to interpose an objection. See *Commonwealth v. Clair*, Pa., 326 A.2d 272 (1974).

Judgments of sentence affirmed.