382 A.2d 1202

**COMMONWEALTH of Pennsylvania**

**v.**

**Hugh Sinclair WILLIAMS, Appellant (two cases).**

Supreme Court of Pennsylvania.

Argued April 15, 1977.

Decided Jan. 26, 1978.

Thomas B. Rutter, Philadelphia, for appellant.

F. Emmett Fitzpatrick, Dist. Atty., Steven H. Goldblatt, Asst. Dist. Atty., Chief, Appeals Div., James A. Shellenberger, Eric B. Henson, Asst. Dist. Attys., for appellee.

Before EAGEN, C. J., and O'BRIEN, ROBERTS, POMEROY, NIX and MANDERINO, JJ.

## OPINION OF THE COURT

O'BRIEN, Justice.

Appellant, Hugh Sinclair Williams, was tried by a judge and jury on July 26, 1974, and was convicted of murder of the first degree, assault with intent to kill and possession of explosives. Post-verdict motions were denied, and appellant was sentenced to life imprisonment on the murder conviction, with consecutive five-to-ten-year terms for the other two convictions. This direct appeal followed.[1]

Appellant's convictions arise from the shooting death of a Philadelphia policeman and the serious wounding of another. Appellant was originally convicted by a jury in 1972, but on appeal, we reversed and granted a new trial. *Commonwealth v. Williams*, 455 Pa. 569, 319 A.2d 419 (1974). It is from the judgments of sentence in the retrial that appellant now appeals.

Appellant raises two issues on this appeal, both of which relate to the admissibility of his confession. Appellant first

1. An appeal from the judgments of sentence for the assault with intent to kill and possession of explosives convictions was filed in Superior Court, which certified the appeal to this court.

argues that the trial court erred in allowing the introduction of an oral confession allegedly obtained in violation of Pa.R.Crim.P. 130 and our decision in *Commonwealth v. Futch,* 447 Pa. 389, 290 A.2d 417 (1972). Alternatively, appellant argues that the confession should have been suppressed because it was involuntary. We find no merit in either contention and affirm the judgments of sentence.

The facts surrounding the confession are as follows. Appellant was arrested on August 29, 1970, at 8:30 p. m., a few blocks from where the shootings occurred. While resisting arrest, appellant was struck by one officer and bitten by a police dog during a brief struggle of approximately twenty seconds duration. Appellant was taken to Misercordia Hospital, where the injured patrolman was unable to identify appellant as one of the assailants. While at the hospital, appellant refused treatment for his injuries.

Appellant arrived at the Police Administration Building at 9:15 p. m. Because the officer in charge of the interrogation was not present at the time, questioning was not commenced until 10:30 p. m., when appellant was given his *Miranda* rights, which he waived. The first interrogation lasted until 11:15 p. m. Appellant was then questioned for three periods totalling two hours and ten minutes before finally admitting complicity in the shootings at 3:00 a. m. Subsequently, a written confession was completed at 9:15 p. m. the following day, and appellant was then arraigned at 11:30 p. m.

At the original trial, the formal written confession was introduced into evidence. We held, however, that the confession, given twenty-four hours after arrest, was the product of unnecessary delay. We therefore granted appellant a new trial. *Commonwealth v. Williams, supra.* At that time, we expressed no opinion concerning the admissibility of the oral confession and that issue is now before us.

In *Commonwealth v. Williams, supra,* we established a three-pronged test to determine if a statement obtained during a pre-arraignment delay must be suppressed: (1) the delay must be unnecessary; (2) the evidence must be prejudicial; and (3) the evidence must be reasonably related to

the delay.[2] Because we find no relationship between the statement and the delay, we must reject appellant's argument.

■ Initially, we must note that the delay from 9:15 p. m. to 10:30 p. m. cannot be classified as unnecessary. As the police had to wait until the officer in charge of the interrogation arrived, the delay was administrative in nature. *Commonwealth v. Rowe,* 459 Pa. 163, 327 A.2d 358 (1974).

■ We thus only need to consider the delay between 10:30 p. m. and 3:00 a. m., a four and one-half hour period. During this period, however, appellant was questioned only two hours and fifty-five minutes in four separate interviews. In *Commonwealth v. Young,* 460 Pa. 598, 334 A.2d 252 (1975), we considered the effect of a five-hour delay between arrest and confession. During that period, however, the defendant was questioned only one hour and twenty-five minutes in three separate interviews. During the periods when the defendant was not being questioned, he was allowed to rest or eat. Under those circumstances, we held that there existed no proof that the confession was reasonably related to the delay. We believe the reasoning in *Young* is persuasive because of the similarity between the facts in *Young* and the instant case, and we hold that the confession is not reasonably related to the delay.

Appellant finally complains that the court below erred in refusing to suppress the confession on grounds of voluntariness. In *Commonwealth v. Kichline,* 468 Pa. 265, 361 A.2d 282, 289–90 (1976), we stated:

" . . . Although there is no single litmus-paper test for determining the voluntariness of a confession, it must be established that the decision to speak was a product of a free and unconstrained choice of its maker. . . . All attending circumstances surrounding the confession must be considered in this determination. These include:

2. In *Commonwealth v. Davenport,* 471 Pa. 278, 370 A.2d 301 (1977), we modified the *Futch* rule and held that unless a defendant is arraigned within six hours, any statement obtained between arrest and arraignment shall not be admissible. *Davenport,* however, applies only to arrests made after May 15, 1977.

the duration and methods of the interrogation; the length of delay between arrest and arraignment; the conditions of detainment; the attitudes of the police toward defendant; defendant's physical and psychological state; and all other conditions present which may serve to drain one's power of resistance to suggestion or to undermine one's self-determination." (Citations omitted.)

In the instant case, the suppression court made the determination, supported by findings of fact, that the confession was voluntary.

■■■ Our review is limited to determining whether the findings of the court below are supported by the record and whether the inferences and legal conclusions based thereon are correct. Further, we need consider only the Commonwealth's evidence and so much of the appellant's evidence as remains uncontradicted. *Commonwealth v. Kichline, supra.* Applying these standards, we can find no error in the suppression court's determination that appellant's confession was voluntary.

■■■ The crux of appellant's argument is that he was suffering from physical pain to such an extent that his will was overborne. The suppression court found, however, that although appellant suffered various injuries while resisting arrest, he refused treatment at Misercordia Hospital. During the intermittent interrogation process, appellant never requested medical treatment, although a doctor was brought in to administer aid for a slight cut on the bridge of the nose. Further, appellant was rational and alert during the interrogation process. Our review indicates that these findings of fact are supported by the record. We further can find no evidence of the Commonwealth's or uncontradicted evidence of appellant's which would require us to overturn the suppression court's conclusion that the confession was voluntary.

Judgments of sentence affirmed.

ROBERTS, J., files a dissenting opinion in which MANDERINO, J., joins.

ROBERTS, Justice, dissenting.

I dissent. Appellant's statement was involuntarily obtained, and should have been suppressed. I would therefore grant appellant a new trial.

MANDERINO, J., joins in this dissenting opinion.