259 Pa. Superior Ct. 407 (1978)
393 A.2d 891
COMMONWEALTH of Pennsylvania
v.
Leroy WASHINGTON, Appellant.
Superior Court of Pennsylvania.
Submitted June 12, 1978.
Decided October 20, 1978.
*408 Norman Ackerman, Philadelphia, for appellant.
Robert B. Lawler, Assistant District Attorney, and Edward G. Rendell, District Attorney, Philadelphia, for Commonwealth, appellee.
Before JACOBS, President Judge, and HOFFMAN, CERCONE, PRICE, VAN der VOORT, SPAETH and HESTER, JJ.
*409 PER CURIAM:
Appellant contends that the lower court erred in admitting his confession because it was: 1) obtained during an unnecessary delay between arrest and arraignment in violation of Pa.R.Crim.P. 130, 2) involuntary, and 3) the fruit of a warrantless arrest which lacked probable cause. We disagree and, therefore, affirm the judgments of sentence.
On February 18, 1977, Detective Joseph Bross of the Philadelphia Police Department arrested appellant without warrant for the February 16, 1977 robbery of Frederick Peaster and his family. Bross charged appellant with possession of instruments of a crime,[1] possession of weapons,[2] three counts of robbery,[3] burglary,[4] conspiracy,[5] simple assault,[6] and resisting arrest.[7] On May 11, 1977, appellant filed a motion to suppress his confession as well as all identifications and physical evidence seized. On June 10, 1977, the lower court conducted a suppression hearing. At this hearing, Officer Charles Geist testified that on February 16, 1977, he saw appellant chasing Mr. Peaster, who was shouting that appellant had robbed him. Officer Geist arrested appellant, but appellant escaped within minutes. Officer Geist provided the following description of appellant: Negro male, 25-30 years old, bulgy eyes, green Army fatigue jacket, and dark pants. Mr. Peaster, the robbery victim and a long time friend of appellant, added the following details: name Big Wash, six feet tall, dark complexion, large lips, mustache, and white sneakers.
*410 Detective Bross testified that two days after the robbery and two to four hours prior to his arrest of appellant, a confidential informant told police appellant's whereabouts. Detective Bross staked out the area and watched appellant arrive by cab at the location and time the informant had designated. Detective Bross noticed that appellant's height, mustache, jacket, and pants matched the descriptions given by Officer Geist and Mr. Peaster. As he approached appellant with his gun drawn, Detective Bross observed more of appellant's features and concluded that they matched the descriptions. After a brief verbal exchange, appellant identified himself as Leroy Washington.
Detective Bross arrested appellant at 1:05 a.m. and transported him by police van to the Police Administration Building, where he arrived at 1:45 a.m. Detectives Bross and Formicola started their interview of appellant at 1:55 a.m.[8] At 1:58 a.m., they gave appellant Miranda warnings. Bross testified that appellant indicated he understood the warnings and wanted to make a statement without assistance of counsel. Appellant signed a waiver form and almost immediately thereafter made a statement in which he admitted his part in the February 16, 1977 robbery. He concluded his statement at 3:15 a.m., and read and signed it by 3:37 a.m. The police did not question appellant further concerning the robbery. At approximately 7:35 a.m., appellant was arraigned.
At the suppression hearing, appellant testified that one of the interrogating officers hit him repeatedly with a blackjack, thus forcing him to sign the waiver form and the confession. The police testified that no one struck or threatened appellant at any time between arrest and arraignment. After hearing the conflicting testimony of appellant and the police, the lower court refused to suppress appellant's confession.
Following a non-jury trial on June 17, 1977, in the Court of Common Pleas of Philadelphia County, the lower court found appellant guilty of burglary, simple assault, criminal *411 conspiracy, possession of an instrument of crime, and three counts of robbery. On October 24, 1977, the lower court denied appellant's written post-verdict motions and sentenced him to concurrent two to five year terms of imprisonment on the three counts of robbery; the court suspended sentence on the remaining crimes. This appeal followed.
Appellant first contends that the lower court erred in admitting his statement at trial because it was obtained during an impermissible pre-arraignment delay in violation of Pa.R.Crim.P. 130. We disagree.
Pa.R.Crim.P. 130 provides:
"When a defendant has been arrested without a warrant in a court case, he shall be taken without unnecessary delay before the proper issuing authority where a complaint shall be filed against him and he shall be given an immediate preliminary arraignment."
Commonwealth v. Futch, 447 Pa. 389, 290 A.2d 417 (1972) established a three-prong test for determining whether the Commonwealth has violated Rule 130: 1) was the delay between arrest and arraignment necessary or reasonably related to time needed to process an accused administratively, 2) did the delay produce or contribute to the securing of the evidence, and 3) was the evidence obtained during the delay prejudicial to the accused. Id., 447 Pa. at 392-94, 290 A.2d at 418-19. See Commonwealth v. Williams, 455 Pa. 569, 319 A.2d 419 (1974).[9] We believe that the delay in arraigning appellant did not contribute to the securing of his confession in this case, and, therefore, the Commonwealth did not violate Rule 130.
In determining whether a delay produced or contributed to the securing of evidence, a court must focus on one time period: the delay between arrest and the first utterance of confession. Commonwealth v. Williams, 476 Pa. 344, 347, *412 382 A.2d 1202, 1204 (1978); Commonwealth v. Perry, 468 Pa. 515, 364 A.2d 312 (1976); Commonwealth v. Blagman, 458 Pa. 431, 326 A.2d 296 (1974). Any delay in arraigning appellant after his confession cannot contribute to the obtaining of the confession. Commonwealth v. Rowe, 459 Pa. 163, 327 A.2d 358 (1974). Moreover, appellant must show that there is a causal nexus between such delay and the confession. Commonwealth v. Williams, 476 Pa. 344, 382 A.2d 1202 (1978); Commonwealth v. McFaddon, 470 Pa. 604, 610, 369 A.2d 1156, 1159 (1977); Commonwealth v. Coley, 466 Pa. 53, 64, 351 A.2d 617, 622 (1976); Commonwealth v. Young, 460 Pa. 598, 334 A.2d 252 (1975).
In the instant case, appellant spent the first hour after arrest travelling to the police station and sitting alone a short time in the interrogation room. He waived his Miranda rights and began to confess almost immediately thereafter. The police questioned him for no more than one hour and 40 minutes. He concluded his statement approximately two hours and 15 minutes after arrest, and no one questioned him further about the robbery. From the above facts, we conclude that appellant has not proved that his confession was a product of any delay.
Appellant next contends that the court erred in admitting his confession at trial because he did not give it voluntarily. Specifically, appellant claims that one of the interrogating officers hit him repeatedly with a blackjack, and that, consequently, he was forced to sign the waiver of counsel and confession.
In Commonwealth v. Walker, 470 Pa. 534, 539, 368 A.2d 1284, 1287 (1977), the Supreme Court declared that in reviewing a lower court's refusal to suppress evidence prejudicial to a defendant:
"[t]he duty of this Court on appeal is to consider only the evidence of the prosecution's witnesses, and so much of the evidence for the defense as fairly read in the context of the record as a whole remains uncontradicted, and based upon this review, to determine whether the record supports the factual findings of the suppression court and *413 the legitimacy of the inferences and the legal conclusions drawn from those findings." (citations omitted).
See also Culombe v. Connecticut, 367 U.S. 568, 604, 81 S.Ct. 1860, 6 L.Ed.2d 1037 (1961); Commonwealth v. Hall, 475 Pa. 482, 380 A.2d 1238, 1240 (1977); Commonwealth v. Cornish, 471 Pa. 256, 264, 370 A.2d 291, 294 (1977). Moreover, credibility of witnesses and the weight, if any, to be given their testimony is the exclusive province of the trier of fact. Commonwealth v. Murray, 460 Pa. 605, 609, 334 A.2d 255, 257 (1975); Commonwealth v. Johnson, 457 Pa. 554, 327 A.2d 632 (1974); Commonwealth v. Garvin, 448 Pa. 258, 269, 293 A.2d 33, 39 (1972). Accordingly, the lower court may believe the testimony of the interrogating officers and disbelieve that of appellant. See Commonwealth v. Williams, 450 Pa. 158, 162, 299 A.2d 643, 645 (1973).
The record in the instant case reveals that the police testified that no one struck appellant or otherwise coerced him into confessing at any time during or after his arrest. The officers stated that appellant began his confession immediately after waiving his Miranda rights at the beginning of the interview. Their testimony completely contradicted that of appellant. The lower court did not abuse its discretion in choosing to believe the interrogating officers and to disbelieve appellant. The record in the case amply supports the finding that appellant made his confession voluntarily.
Finally, appellant contends that the court erred in admitting his statement because it was the fruit of a warrantless arrest which lacked probable cause. Specifically, appellant contends that the physical description given to the arresting officer lacked sufficient particularity.
In Commonwealth v. Culmer, 463 Pa. 189, 195, 344 A.2d 487, 490 (1975), the Supreme Court declared:
"The legality of an arrest without a warrant must depend upon the presence of probable cause. Ker v. California, 374 U.S. 23, 83 S.Ct. 1623, 10 L.Ed.2d 726 (1963); Commonwealth v. Bishop, 425 Pa. 175, 228 A.2d 661 (1967). Probable cause exists if the facts and circumstances which *414 are within the knowledge of the officer at the time of arrest, and of which he has reasonably trustworthy information, are sufficient to warrant a man of reasonable caution in the belief that the suspect has committed or is committing a crime." (citations omitted).
General physical descriptions which are "equally applicable to large numbers of people will not support a finding of probable cause. . . . This is especially so where the arrest occurs some time after the crime." (citations omitted). Commonwealth v. Jackson, 459 Pa. 669, 674-75, 331 A.2d 189, 191 (1975). In Jackson, police arrested defendant because he matched a generalized description consisting solely of race, sex, height, general build, hair color and length, and complexion shade; the arrest occurred approximately one hour after a shooting at a location one block away. The Supreme Court held the police had no probable cause to arrest that appellant. See also Commonwealth v. Berrios, 437 Pa. 338, 263 A.2d 342 (1970); Commonwealth v. Hicks, 434 Pa. 153, 253 A.2d 276 (1969).
In the instant case, although police arrested appellant two days after the robbery and at a location some distance from where the robbery occurred, the two physical descriptions of appellant were quite specific. Not only did they give appellant's race, sex, height, and complexion shade, they also listed his name, clothing details, and eye, lip, and facial hair features. These additional details sufficiently individualize the description to support a finding of probable cause. The record indicates that, except for his shoes, appellant's actual appearance at the time of arrest matched all points of the description. Accordingly, we hold that the arresting officer had a sufficiently accurate and detailed physical description of appellant to have probable cause to arrest him.
Because appellant's claims lack merit, we affirm the judgments of sentence.
Judgments of sentence affirmed.
HOFFMAN, J., did not participate in the consideration or decision of this case.
NOTES
[1] The Crimes Code, Act of Dec. 6, 1972, P.L. 1482, No. 334, § 1; 18 Pa.C.S. § 907.
[2] The Crimes Code, supra; 18 Pa.C.S. §§ 6106 and 6108.
[3] The Crimes Code, supra; 18 Pa.C.S. § 3701.
[4] The Crimes Code, supra; 18 Pa.C.S. § 3502.
[5] The Crimes Code, supra; 18 Pa.C.S. § 903.
[6] The Crimes Code, supra; 18 Pa.C.S. § 2701.
[7] The Crimes Code, supra; 18 Pa.C.S. § 5104.
[8] No one questioned appellant about the robbery prior to this time.
[9] Appellant was arrested prior to May 16, 1977, the effective date of Commonwealth v. Davenport, 471 Pa. 278, 370 A.2d 301 (1977) and its per se six hour test for Pa.R.Crim.P. 130. See Commonwealth v. Williams, 476 Pa. 344, 382 A.2d 1202, 1204 n. 2 (1978). We must therefore analyze appellant's claim in light of Futch, supra and its progeny.