398 A.2d 1013

**COMMONWEALTH of Pennsylvania**

v.

**Cleveland POWERS, Appellant.**

Supreme Court of Pennsylvania.

Argued Jan. 18, 1979.

Decided March 16, 1979.

200

Barry L. Adelman, Philadelphia, for appellant.

Robert B. Lawler, Chief, Appeals Div., Asst. Dist. Atty., Darryl A. Irwin, James Garrett, Asst. Dist. Attys., Philadelphia, for appellee.

Before EAGEN, C. J., and ROBERTS, NIX, MANDERINO and LARSEN, JJ.

## OPINION

LARSEN, Justice.

Appellant was tried by a jury in the Court of Common Pleas of Philadelphia County and convicted of murder of the third degree, aggravated assault and battery, and various weapons offenses. This appeal followed.

 Appellant's first contention is that his warrantless arrest was illegal and that, therefore, his confession should have been suppressed as the fruit of an illegal arrest. Whether the arrest was constitutionally valid depends upon whether, at the time the arrest was made, the arresting officers had probable cause to make the arrest. *Commonwealth v. Pinney*, 474 Pa. 210, 213, 378 A.2d 293, 295 (1977). Probable cause to arrest existed if "at the time appellant was detained by the police, the facts and circumstances within the officer's knowledge, and of which they had reasonably trustworthy information, were sufficient to warrant a prudent man in believing that the appellant has committed or was committing an offense." *Id.* citing, *inter alia, Beck v. Ohio*, 379 U.S. 89, 85 S.Ct. 223, 13 L.Ed.2d 142 (1964). The Commonwealth bears the burden of establishing, with reasonable certainty, facts sufficient to establish that probable cause for the arrest existed. *Commonwealth v. Jones*, 457 Pa. 423, 322 A.2d 119, 123 (1974).

 The existence or non-existence of probable cause can only be decided in the concrete factual context of each case. *See, Sibron v. New York*, 392 U.S. 40, 59, 88 S.Ct. 1889, 20 L.Ed.2d 917 (1968). "While this Court does not sit to appraise contradictory factual questions, it is this Court's duty to make an independent examination of probable cause, apart from any conclusions drawn by a trial judge or other appellate court, to ensure that the constitutional criteria established to safeguard Fourth Amendment rights have been respected. *See, Ker v. California*, 374 U.S. 23, 24, 83

S.Ct. 1623, 10 L.Ed.2d 726 (1963)." *Commonwealth v. Pinney, supra,* 474 Pa. at 214, 378 A.2d at 295. In determining whether the suppression court erred in ruling appellant's confession admissible, this Court will consider only the evidence of the prosecution's witnesses and so much of the evidence for the defense as, fairly read in the context of the whole suppression hearing record, remains uncontradicted. *Commonwealth v. Kichline,* 468 Pa. 265, 280–81, 361 A.2d 282, 290 (1976).

Applying these standards to the instant case, we conclude that the denial of appellant's suppression motion was proper. The circumstances surrounding the arrest are as follows. On December 9, 1975, shortly before 8 p. m., Policeman Martin Dietz was summoned to the 3100 block of Berks Street in Philadelphia where he found Harold Berry, the deceased, bleeding on the sidewalk. Several people present at the scene informed Dietz that there had been a stabbing and they gave the assailants' descriptions to Dietz. At approximately 7:57 p. m., Dietz issued a "flash" police radio broadcast regarding the suspects. This broadcast stated that four or five negro males were involved, including one in a green army fatigue jacket with the hood pulled up, one in a white tee-shirt, and one six foot four inches tall in a brown overcoat and red knit cap. Other officers recalled that radio flashes had described more than one assailant as wearing green army jackets. A subsequent flash stated the suspects were from the "24th and Berks Street" gang. Upon receiving this latter information, Officer Joel Goodwin and Policeman Robert Dunsmore drove directly to the area of the intersection of 24th and Berks Streets. There, some time between 8 p. m. and 8:09 p. m., they discovered three young black men walking on Judson Street (just east of 24th) onto Berks. Two of the men, appellant and co-defendant Howard Kemp, were wearing green army jackets, one with the hood up. The third, co-defendant Otis Walker, was wearing a white tee-shirt with an open blue jacket. The officers testified that, while there were other black men in the area, none of them were similarly attired.

The policemen then took the suspects in their unmarked car to the scene of the stabbing where the men were immediately identified by eyewitnesses as being Berry's attackers. Thereupon the suspects were driven to police headquarters where they eventually gave statements inculpating themselves in the stabbing.

While it may be true, as appellant argues, that many young black men in the 24th and Berks Streets area wear green army jackets and white tee-shirts, nevertheless the discovery of the three youths, together on the street, in the neighborhood to which the suspects had fled, ten to fifteen minutes after the crime had occurred, where the three youths fit descriptions of the suspects and where there were no other persons matching those descriptions in the area, presented a combination of circumstances which was surely sufficient to justify a reasonable belief that they could well be the guilty parties. Thus probable cause existed to arrest appellant. *Compare Commonwealth v. Jones*, 457 Pa. 423, 322 A.2d 119 (1974), *with Commonwealth v. Berrios*, 437 Pa. 338, 263 A.2d 342 (1970). Since the arrest was legal, appellant's argument that his confession should have been suppressed because it was the fruit of an illegal arrest is without merit.

Appellant next argues that the trial judge committed reversible error in refusing to grant appellant's request to instruct the jury concerning the law of self-defense. Appellant maintains that his testimony was sufficient to raise an inference that he was acting in self-defense within the meaning of the law. We do not agree.

Appellant testified that he and his companions went to the area of the intersection of 32nd and Berks Streets (the area where the stabbing occurred) looking for some girls he had recently met, and that while they were asking a young man if he knew the girls, a gang suddenly emerged from a store wielding knives and began chasing them. While appellant testified he was afraid, the only physical contact which he said took place was that someone hit and pushed a 'dude' who was in front of them on 31st Street, and that a 'dude'

came off a porch and tried to grab Howard Kemp (co-defendant) but that 'dude' fell back. Appellant flatly denied stabbing anyone and denied that any of his companions had been injured or had stabbed anyone.

▓▓ Before self-defense is in issue, there must be evidence introduced, from whatever source, to justify a finding that the killing may have been done in self-defense *Commonwealth v. Black*, 474 Pa. 47, 53, 376 A.2d 627, 630 (1977). Our review of the record convinces us that the requisite elements of self-defense have not been presented.[1]

▓ As noted, appellant denied knowledge of any stabbing. The only physical contact admitted by appellant has hitting and pushing one person who was in the way of he and his friends and, inferentially, perhaps jostling another who had come off a porch. Certainly, the testimony did not establish that either of these 'dudes' were provoking the difficulty or were acting in a manner sufficient to instill a reasonable belief that it was necessary to use deadly force against them. In similar cases, we have held that where a defendant steadfastly denies that he or his companions used deadly force against the victim and where the issue of self-defense was not otherwise injected into the trial by either the prosecution or the defense, the failure to charge upon the subject was not error. *Commonwealth v. Gray*, 441 Pa. 91, 271 A.2d 486 (1970) (appellant, Gray, consistently denied that he stabbed victim and issue of self-defense not otherwise injected into trial—no error in judge's refusal to charge jury on self-defense); *Commonwealth v. Young*, 460 Pa. 598, 334 A.2d 252 (1975) (appellant, Young, testified he had nothing to do with the homicide and he continued the affray after it had broken up—no error in judge's refusal to

1. These elements are: (1) the actor must have reasonably believed himself to be in imminent danger of death or bodily harm, and that it was necessary to use deadly force against the victim to prevent such harm; (2) the actor must have been free from fault in provoking or continuing the difficulty which resulted in the slaying; and (3) the actor must have violated no duty to retreat. *Commonwealth v. Black, supra*, 474 Pa. at 53, 376 A.2d at 630; Crimes Code, Act of December 6, 1972, P.L. 1482, No. 334, 18 Pa.C.S. § 505 (1973).

charge jury on self-defense). Under the circumstances of this case, it was not error for the trial judge to refuse to instruct the jury on self-defense.

Judgments of sentence affirmed.

O'BRIEN, J., did not participate in the consideration or decision of this case.

NIX, J., filed a concurring opinion.

EAGEN, C. J., concurs in the result.

ROBERTS, J., filed a dissenting opinion.

NIX, Justice, concurring.

If the facts were limited to those recited and relied upon in the majority opinion, I would have serious question as to the probable cause for the arrest. I agree with the appellant that the descriptions were of a general nature and that the most distinguishing feature of the description (i. e., that one of the three youths was six feet four inches in height) did not match the group of suspects taken into custody.

The critical fact, in my judgment, is that when the officer returned to the scene with the suspect and opened the door of the police vehicle, the suspects were immediately identified by eyewitnesses to the crime prior to any attempt by the police to elicit an identification. Certainly, this identification alone would have justified the arrest. More importantly, assuming that the police did not have sufficient basis initially for taking the suspects into custody, the identification which was in no way prompted by police action would not have been tainted. *See Commonwealth v. Garvin*, 448 Pa. 258, 293 A.2d 33 (1972). It is for this reason that I can concur in the result reached by the majority.

ROBERTS, Justice, dissenting.

Police arrested appellant without probable cause and his inculpatory statement introduced at trial, over objection,

should have been suppressed. I dissent and would reverse judgments of sentence and remand for a new trial.