417 A.2d 737

COMMONWEALTH of Pennsylvania

v.

William H. SORDEN, Appellant.

Superior Court of Pennsylvania.

Submitted Aug. 28, 1979.

Filed Dec. 28, 1979.

Warren R. Hamilton, Philadelphia, for appellant.

Robert B. Lawler, Assistant District Attorney, Philadelphia, for Commonwealth, appellee.

Before HOFFMAN, EAGEN and HESS, JJ.*

PER CURIAM:

William Sorden has taken a direct appeal from non-jury verdicts and judgments of sentence in two cases involving convictions of murder of the third degree and related weapons charges. The prosecutions arose out of the stabbing deaths of Sorden's mother and nephew on June 9, 1976 shortly after 11:00 a. m. After the stabbings, Sorden went with his nephew to a hospital. His mother was separately transported to the hospital by police at approximately 11:30 a. m. When a police officer at the hospital on another matter asked what happened Sorden told the officer that "I stabbed Johnnie and my mother." He gave a fanciful reason for his actions. Both victims prior to death identified appellant as their assailant. At 2:15 p. m. on the date of the incident Sorden gave another statement to police and, after the boy died, he gave a third statement at 7:00 p. m. At trial Sorden presented an insanity defense.

■ Appellant challenges the suppression court's failure to suppress his inculpatory statement made at 7:00 p. m. on June 9, 1976. It is alleged that the third statement was

* Chief Justice Michael J. Eagen of the Supreme Court of Pennsylvania, and Judge Warren K. Hess of the Court of Common Pleas of Berks County, Pennsylvania, are sitting by designation.

taken after he had been in police custody for more than seven hours and after he had given two other statements in which he admitted the stabbings. *Commonwealth v. Davenport*, 471 Pa. 278, 370 A.2d 301 (1977), the six-hour rule, is not here applicable and this case is controlled by *Commonwealth v. Futch*, 447 Pa. 389, 290 A.2d 417 (1972). The record indicates that appellant was in no way harmed by any delay. This is especially clear since appellant volunteered an inculpatory statement before his arrest and also gave a voluntary inculpatory statement prior to the challenged statement. *Commonwealth v. Perry*, 468 Pa. 515, 364 A.2d 312 (1976). *See also Commonwealth v. Smith*, 463 Pa. 393, 344 A.2d 889 (1975). We are satisfied that the order of the suppression court was correct.

It is also alleged that the Commonwealth failed to prove Sorden's sanity beyond a reasonable doubt. While the law does place on the Commonwealth the burden of proving sanity, insanity is never presumed. In fact, ordinarily, sanity is presumed. "When the question of sanity is at issue and the presumption of sanity has disappeared the evidence must be sufficient to support a finding of sanity beyond a reasonable doubt." *Commonwealth v. Demmitt*, 456 Pa. 475, 482, 321 A.2d 627, 631 (1974). Lay testimony may supply the evidence, notwithstanding medical testimony submitted by the defense. *Demmitt, supra.* In our opinion the medical testimony offered by the defense did not meet M'Naghten requirements and defendant's third statement plus evidence of Sorden's acts before and after the stabbings proves beyond a reasonable doubt that appellant was legally sane when he stabbed the victims. The very recent holding of our Supreme Court in *Commonwealth v. Tyson*, 485 Pa. 344, 402 A.2d 995 (1979), *reargument refused* June 29, 1979, is especially relevant. In that case the Court decided that evidence of lay witnesses alone may be sufficient to rebut the testimony of expert witnesses.

Judgments of sentence affirmed.