412 A.2d 159

**COMMONWEALTH of Pennsylvania**

v.

**Ronald Lawrence YOUNG, Appellant.**

Superior Court of Pennsylvania.

Argued July 16, 1979.

Filed Oct. 12, 1979.

Michael Reed, Assistant Public Defender, West Chester, for appellant.

James R. Freeman, Assistant District Attorney, West Chester, for Commonwealth, appellee.

Before WIEAND, NIX and WEKSELMAN, JJ.*

NIX, Judge:

This is an appeal from judgments of sentence entered upon jury verdicts finding appellant guilty of voluntary manslaughter and of a violation of the Uniform Firearms Act, 18 Pa.C.S.A. § 6106 (1973 and Supp. 1979–80). The dispositive issue is whether the trial court committed reversible error by refusing to give a jury instruction requested by appellant pertaining to the defense of self-defense. For the reasons set forth below, we hold that the trial court erred, and accordingly, we reverse judgment of sentence on the voluntary manslaughter conviction and award a new trial to appellant.[1]

The facts are as follows: Appellant stored materials and did repair work on a lot owned by his aunt. On the evening

---

* Justice ROBERT N. C. NIX, Jr. of the Supreme Court of Pennsylvania and Judge I. MARTIN WEKSELMAN of the Court of Common Pleas of Allegheny County, Pennsylvania are sitting by designation.

1. The portion of the charge that is drawn into question by this objection does not affect the validity of the jury's findings as to the Uniform Firearm violation. Thus the judgment of sentence on that charge will not be disturbed.

The evidence, even accepting appellant's version of the facts, establishes a violation of section 6106. Assuming that the lot was appellant's "fixed place of business" within the meaning of section 6106, appellant nevertheless conceded that he drove from his home to the lot with the gun concealed in his right front pocket. Thus the place of business exception, even if applicable, would not have provided a complete defense to the charge.

of January 8, 1977, he received a telephone call at his home informing him that someone was on the property. Appellant had posted the lot with a "No trespassing" sign. Appellant and his brother, Samuel, drove to the lot. Upon arriving appellant found Alfred (Corky) Bacon and a female friend, Leona Creekmur, sitting in a car parked on the lot. Appellant asked Bacon to leave the lot; after appellant repeated this request several times to no avail, appellant and Bacon began scuffling. At this point, the testimony of the two key witnesses, appellant and Ms. Creekmur, diverge. Appellant testified that he had caught Bacon on the lot on one prior occasion siphoning gas and that on another occasion Bacon had threatened to kill him because appellant had refused to provide Bacon with an automobile towing device. Appellant testified that while he and Bacon were arguing on the evening of January 8th, Bacon threatened to take appellant's wooden leg and beat him with it; in 1959, appellant lost part of his right leg from just below the knee and as a result wore an artificial limb. The prosthetic device appellant was wearing on the night of his altercation with Bacon was fastened by a single strap stretched over the right knee. Appellant testified that shortly after the scuffle began, Bacon struck him in the head knocking him backwards and off balance; fearing that Bacon would incapacitate him by removing the artificial limb, appellant pulled a gun from his trouser pocket and, while falling, fired at Bacon, wounding him fatally. Ms. Creekmur testified that during the course of the scuffle she heard a "smack" sound and saw Bacon fall to the ground; then, she said, appellant walked a short distance away, turned, and fired a pistol at Bacon.

The relevant point for charge submitted to the trial court by appellant stated:

Since the difficulty ensued in the exercise of the defendant's legal right of ejection, the defendant is without fault in provoking the controversy within the meaning of the first element of self-defense.

The trial judge instructed the jury and then ruled on all written requests, specifically denying appellant's above-

quoted point. The trial judge then asked the parties for "suggestions" concerning the charge. In response, appellant orally requested the following point:

If you find that the defendant was a licensee of the premises, then you must find that he had a right to eject the trespasser and that he would therefore be without fault in provoking the confrontation within the meaning of the first element of self-defense.

The trial judge refused this point also.[2]

▉ Before considering the merits of appellant's allegation of error, we must dispose of appellee's arguments that appellant waived his right to object to deficiencies in the court's charge. First, appellee would have us find a waiver due to appellant's supposed insistance upon an erroneous point for charge which point failed to alert the trial judge to any inadequacy in the jury charge. *See Commonwealth v. Frank*, 263 Pa.Super. 452, 466, 398 A.2d 663, 670 (1979). We decline to do so. Although neither of appellant's points *fully* set forth the law on the subject,[3] they closely paralleled dictum in *Commonwealth v. Johnston*, 438 Pa. 485, 490, 263 A.2d 376, 380 (1970), and plainly signalled to the court the need for an instruction on the relationship between a licensee's right to use reasonable, non-lethal force to protect a property interest, *see* 18 Pa.C.S.A. § 507 (1973), (exceptions allowing lethal force irrelevant here) and the licensee's status as a "provoker" for purposes of relying upon the defense of self-defense, *id.* § 505(b)(2)(i).[4]

**2.** Since this point was substantially similar to the earlier point and was proffered upon the trial judge's request for suggestions, the trial judge's comment that the requested point was "too late" is somewhat puzzling.

**3.** The trial court was correct in pointing out in its opinion that a licensee of the premises may use force *only* when he *reasonably believes that such force is immediately necessary.* See 18 Pa.C.S.A. § 507(a). Thus to the extent that the oral request did not reflect this element, the court was correct in concluding that it did not accurately reflect the law of this Commonwealth.

**4.** Although *Commonwealth v. Johnston*, 438 Pa. 485, 263 A.2d 376 (1970) was governed by pre-1972 Crimes Code law, the Code is for the most part a codification of the common law of self-defense.

64

█ Second, we also reject appellee's general assertion that appellant's request for an instruction on the above relationship was not timely made under Pennsylvania Rule of Criminal Procedure 1119. Appellant submitted a written request for the charge in question before summation; following closing arguments, the trial judge denied the requested point, and appellant, in the form of an amended point for charge, renewed his request, which was again denied. Finally, appellant specifically reiterated his exception just before the jury retired. We fail to see when more appellant could possibly be expected to do in order to preserve his objection to the court's refusal to charge as requested on the relationship between sections 505 and 507 of the Crimes Code. *See* Pa.R.Crim.P. 1119(a), (b). Appellee's reliance upon *Commonwealth v. Gardner*, 246 Pa.Super. 582, 371 A.2d 986 (1977), *allocatur denied*, is misplaced. In *Gardner* defendant did not submit his point for charge until *after* closing arguments. *Id.*, 246 Pa.Super. at 589–91, 371 A.2d at 990.

█ Turning to the merits of appellant's objection to the jury instruction, we note that in its opinion on post-trial motions the court concluded that the instructions given adequately and correctly covered the subject of the requested point for charge. Appellee urges this same conclusion on this court. However, after reviewing the entire charge, *see Commonwealth v. Brown*, 467 Pa. 512, 519, 359 A.2d 393, 397 (1976), we cannot agree that the instructions were an accurate statement of the law. Although free to use his own language, *see Commonwealth v. Lesher*, 473 Pa. 141, 147, 373 A.2d 1088, 1091 (1977), the trial judge in the instant case tracked the statutory language of the Crimes Code very closely in charging the jury on the defense of self-defense, noting correctly that in order to avail oneself of that defense one cannot be the provoker. *See* 18 Pa.C.S.A. § 505(b)(2)(i)

*Commonwealth v. Walley*, 466 Pa. 363, 367 n.3, 353 A.2d 396, 398 n.3 (1976); *Commonwealth v. Cropper*, 463 Pa. 529, 534, 345 A.2d 645, 647 (1975).

(1973). Then the trial judge similarly instructed the jury on the right of a licensee to use reasonable, non-lethal force to terminate a trespass. *See id.* § 507(a)(1), (b)(3). The trial judge fell into error when immediately following this latter instruction he stated: "Now this has nothing to do, of course, with protection of self. This is on protection of property. Otherwise, the use of deadly force in the protection of property would be justified." We think such a conclusion sets up an incongruity between sections 505 and 507 of the Code, whereby under the latter section a licensee is permitted to use reasonable force against a trespasser but the exercise of such force would make the licensee a provoker thus depriving him of the defense of self-defense under the former section. Although our research has not disclosed case law in this jurisdiction precisely on point, a widely-used text on criminal law provides the following guidance on the relationship between defense of property and self-defense:

Of course, if the defender's reasonable force in protection of his property is met with an attack upon his person, he may then respond by defending himself and then *may be* entitled to use force.

W. LaFave and A. Scott, Handbook on Criminal Law, § 55, at 400 (1972) (emphasis added and footnote omitted).

Therefore, in the instant case the trial judge should have charged the jury to the effect that appellant's use of reasonable force against Bacon initially, assuming they found that appellant had met all of the requirements of § 507, would not automatically render appellant a provoker for purposes of self-defense. Finally, because there was a critical factual dispute as to who provoked the fatal encounter, we cannot say that the trial judge's failure to so instruct the jury was harmless error. *See Commonwealth v. Heatherington,* 477 Pa. 562, 570, 385 A.2d 338, 341 (1978).

The judgment of sentence in the voluntary manslaughter charge is reversed and a new trial ordered. The judgment of sentence on the firearms conviction is affirmed.