483 A.2d 902

**COMMONWEALTH of Pennsylvania**

v.

**Hector GONZALES, Appellant.**

Superior Court of Pennsylvania.

Submitted June 22, 1984.

Filed Oct. 26, 1984.

604

William Costopolous, Lemoyne, for appellant.

Katherene E. Holtzinger, Deputy District Attorney, Harrisburg, for Commonwealth, appellee.

Before DEL SOLE, POPOVICH and ROBERTS, JJ.

DEL SOLE, Judge:

Appellant was convicted, after a jury trial, of Aggravated Assault, and Possession of a Controlled Substance with intent to deliver. His post-trial motions were denied, and Appellant was sentenced to consecutive sentences of 2½ to 5 years for the possession charge, and 5 to 10 years for aggravated assault. Appellant then filed this appeal. He alleges as his sole issue, that the court committed reversible error when it refused to charge the jury on the defense of justification.

The relevant facts of the case are as follows: On January 12, 1983, four Harrisburg City Police officers went to Appellant's apartment for the purpose of executing a search warrant. Three officers, Goshert, Teel, and Vucenic, approached the front of the apartment. Only Vucenic was dressed in uniform. The other officer went to the rear of the residence. Goshert knocked on the door of the apartment and said he had "money for Joe". As the door began to open, Goshert shouted "Harrisburg Police, we have a search warrant", and pushed the door the rest of the way open. Goshert entered the apartment first, with Teel to his right and rear, and Vucenic to his left and rear. At that point, Goshert observed Appellant crouched approximately five feet away, holding a handgun in his outstretched hands. Upon seeing this, Goshert slid to the floor, and removed a revolver from his coat pocket. Teel, believing Goshert had been shot, began to shoot at Appellant. Gos-

hert also fired at Appellant. Vucenic testified that Appellant "clicked" his pistol as if Appellant was attempting to fire the weapon, but it misfired. Vucenic then drew his revolver and fired from the hip. Appellant was hit by 14 bullets, but survived.

The issue on appeal is whether the court erred in refusing Appellant's request to instruct the jury on justification under § 505 of the Crimes Code, 18 Pa.Cons.Stat.Ann. (Purdon 1983). Section 505 is entitled, "Use of Force in Self Protection", and it provides:

(a) *Use of force justifiable for protection of the person.* The use of force upon or toward another person is justifiable when the actor believes that such force is immediately necessary for the purpose of protecting himself against the use of unlawful force by such other person on the present occasion.

■ Our case law makes it clear that the charge of self-defense must be given upon request if there is evidence presented, from any source, that the defendant acted in self-defense. *Commonwealth v. Brown,* 491 Pa. 507, 421 A.2d 660 (1980). In addition, the defendant is entitled to a charge that the burden is upon the Commonwealth to prove beyond a reasonable doubt that the defendant was not acting in self-defense. *Commonwealth v. Rittle,* 285 Pa. Super. 522, 428 A.2d 168 (1981).

In light of this authority, we must examine the record to see if there is evidence "from any source" the Appellant was acting in self-defense. Appellant, through an interpreter, testified that the officers never identified themselves as police, nor did he see any warrant. In response to a question regarding why he reached for the gun, Appellant answered: "When I opened, they were dressed in civilian clothes. The one man was on the floor with the gun. And so, since I had been robbed I took the gun." When asked what his thoughts were at that moment, Appellant responded: "That they were going to rob me." Appellant had earlier stated that he had been robbed two weeks prior to this incident. Officer Washinger of the Harrisburg Police

was also called to the stand. He confirmed that Appellant reported a burglary on November 17, 1982. Appellant further testified, "When I saw the uniformed cop behind the two in front of him, I did not use the gun."

We find that this testimony was made in support of a claim of self-defense.

The Commonwealth nevertheless urges us to find that the court properly refused the charge. It asserts that Appellant cannot use a claim of self-defense without admitting that he fired the weapon. In support of its position the Commonwealth cites, *Commonwealth v. Powers*, 484 Pa. 198, 398 A.2d 1013 (1979) and *Commonwealth v. Gray*, 441 Pa. 91, 271 A.2d 486 (1970). In both cases, the victims were stabbed to death. In each case, the defendants were charged with homicide, however they both denied knowledge of any stabbing. On that basis, it was held that self-defense was not an issue and instructions on self-defense were not required. The *Powers* court stated: "In similar cases, we have held that where a defendant steadfastly denies that he or his companions used deadly force against the victim, and where the issue of self-defense was not otherwise injected into the trial by either the prosecution or the defense, the failure to charge upon the subject was not error." *Commonwealth v. Powers*, 484 Pa. at 204, 398 A.2d at 1016.

First, we note that in *Powers* and *Gray, supra*, the defendants were trying to raise inconsistent defenses. In those cases, the defendants maintained that they did not participate in the stabbings, yet they requested a charge on self-defense. The Appellant in this case differs because he *does admit* that he held a gun pointed at the officers. While Appellant denies that he attempted to shoot the revolver, the mere act of pointing a gun at an individual is sufficient conduct to constitute an assault. *See: Commonwealth v. Savage*, 275 Pa.Super. 96, 418 A.2d 629 (1980), and *Commonwealth v. Rittle, supra*. Thus, Appellant must be permitted to raise this defense to his actions.

Secondly, unlike the cited cases, the Appellant in this action did bring the issue of self-defense into trial. He did this through his own testimony, as noted above.

█ It was for the jury to determine the credibility of Appellant's statements. Although the jury may have found that Appellant's conduct was unjustified or unreasonable, the court, by refusing to give instructions on § 505, improperly took this consideration away from the factfinder.

By way of further argument, the Commonwealth contends that Appellant waived his right to challenge the court's denial of instructions on self-defense by not submitting a timely written request for such an instruction as required by Pa.R.Crim.P. 1119(a). This rule provides:

*Rule 1119. Request for Instructions and Charge to the Jury.*

(a) Any party may submit to the trial judge written requests for instructions to the jury. Such requests shall be submitted within a reasonable time before the closing arguments, and at the same time copies thereof shall be furnished to the other parties. The trial judge shall charge the jury after the arguments are completed, and shall then rule on all written requests.

█ Appellant's counsel made his request for a justification instruction after the court completed its initial charge to the jury. However, the request was made in response to the court's inquiry: "Are there any other points that you wish to make with me or any exceptions to the points." This Court in *Commonwealth v. Marshall*, 273 Pa.Super. 344, 417 A.2d 681 (1979) decided a similar issue. In *Marshall*, we held that although the rule indicates a clear preference for written requests, nothing in the rule itself bars a trial judge from entertaining oral requests for instructions. In *Commonwealth v. Bishop*, 472 Pa. 485, 372 A.2d 794 (1977), it was stated, "the provision permitting the submission of requested points for charge is not couched in mandatory terms, and a party is in no way bound by his failure to do so." 472 Pa. at 489 n. 2, 372 A.2d 796 n. 2

(1977). Accordingly, we find that the Appellant's request for instructions was properly, and timely made. In addition, we note that the request was sufficiently explicit in its terms.

Under these circumstances, we conclude that Appellant was entitled to an instruction on the defense outlined in 18 Pa.C.S.A. § 505.

Judgment of Sentence vacated. Case remanded for new trial.

Jurisdiction relinquished.