664 A.2d 570

**COMMONWEALTH of Pennsylvania**

v.

**Oliver W. EVANS, Appellant.**

Superior Court of Pennsylvania.

Submitted May 22, 1995.

Filed Aug. 23, 1995.

Robert H. Bascom, Jr., Assistant Public Defender, Harrisburg, for appellant.

Richard E. Guida, Assistant District Attorney, Harrisburg, for Commonwealth, appellee.

Before BECK, KELLY and FORD ELLIOTT, JJ.

KELLY, Judge:

In this opinion, we are called upon to determine whether the trial court erred in failing to charge the jury with a "missing witness" adverse inference instruction due to the Commonwealth's refusal to disclose the identity of a confidential informant who was the only other witness to the alleged crime. We reverse and remand for proceedings not inconsistent with this Opinion.

This appeal involves a challenge to the trial court's denial of appellant's oral motion to request a "missing witness" adverse inference instruction made after the trial court charged the jury and in response to the trial court's request for any additional points for charge. The pertinent facts and procedural history of this case are as follows.

In January, 1990, Pennsylvania State Police Trooper Susan Fritz of the Region 3 Strike Force, a drug law enforcement division of the State Police, began an undercover drug investigation in the Harrisburg area of Dauphin County. (N.T. 10/15/93 at 11). The instant investigation involved the participation of a confidential informant who agreed to go undercover and introduce narcotics suppliers to Trooper Fritz. (*Id.*) At the time of the agreement, criminal charges were pending against the confidential informant. (*Id.* at 12). Trooper Fritz testified that when it came time for the confidential informant's sentencing, she would make the district attorney's office aware of his cooperation with her. (*Id.* at 25).

On March 20, 1990, Trooper Fritz and the confidential informant proceeded in the confidential informant's vehicle to the 500 block of South Second Street in Steelton to the residence of an alleged supplier known to the confidential informant by the nickname "Poodle." The confidential informant entered the residence located at 534 South Second Street, and returned shortly thereafter with appellant. (*Id.* at 13). Trooper Fritz got out of the passenger side of the front seat and moved to the back seat while appellant took her place in the front seat. (*Id.* at 14).

Trooper Fritz asked appellant if he could obtain an eighth of an ounce of cocaine, to which appellant responded that he could, if they could take him into Harrisburg. (*Id.*) The three proceeded in the confidential informant's vehicle to the area of Linden Avenue in Harrisburg, where appellant exited the vehicle, made a phone call on a nearby pay phone, then walked behind a building, returning approximately ten minutes later. (*Id.*) Trooper Fritz asked him if he got the eighth, and appellant responded that he got a sixteenth. (*Id.* at 15).

Upon returning to Steelton in front of 534 South State Street, appellant handed a package to the confidential informant, who then handed it to Trooper Fritz in the back seat. (*Id.*) Appellant then said the cocaine would cost $120.00, and the confidential informant paid him the amount with pre-recorded U.S. currency given to him by Trooper Fritz prior to their initial arrival in Steelton. (*Id.* at 16). Appellant exited the vehicle and went into the residence. Trooper Fritz and the confidential informant then left the area. (*Id.*) Appellant was not immediately arrested.

During the course of her subsequent investigation, Trooper Fritz learned from another trooper that an individual who lives in Steelton and is known as "Poodle" is one Oliver Evans, appellant. Several days after the purchase, Trooper Fritz identified appellant in a photo array as the supplier. (*Id.* at 27).

Neither the confidential informant nor Trooper Fritz had any further contact with appellant until ten months after the purchase when Trooper Fritz arrested appellant on January 29, 1991. On February 7, 1991, at the preliminary hearing, Trooper Fritz made an in-court identification of appellant as the person who sold the drugs. (*Id.* at 22).

Appellant was charged with unlawful delivery of a controlled substance.[1] After more than a two-year delay, the jury trial commenced on Friday, October 15, 1993. Trooper Fritz was the sole witness for the prosecution. Both parties rested their

1. 35 P.S. § 780–113(a)(30).

cases on that day, and the jury was re-assembled on Monday, October 18, 1993.

On Monday, as the trial court was about to charge the jury, the prosecutor interrupted and the trial court stopped and corrected itself, stating that the parties had not given their closing arguments to the jury. The Commonwealth and the defense then closed to the jury. (N.T. 10/18/93 at 43–44).

The trial court then charged the jury. (*Id.* at 44–59). At the conclusion of the jury instructions, the trial court informed the jury that it would ask counsel if it had made any misstatements, to which appellant's counsel responded with an oral motion to have a "missing witness" adverse inference jury instruction read for the failure of the Commonwealth to call the confidential informant. (*Id.* at 59). Following a brief sidebar discussion, the trial court denied counsel's request on the basis that he failed to prove the necessity of disclosure of the confidential informant's testimony and that the request was untimely presented to the court. (*Id.* at 59–60).

The jury returned a guilty verdict to the charge of unlawful delivery of a controlled substance. Following the denial of post-trial motions, appellant was sentenced to a term of incarceration of thirty-six to seventy-two months, along with a $300.00 fine. Appellant's bail was subsequently revoked. This timely appeal followed.

On appeal, appellant raises the following issue for our review:

WHETHER THE TRIAL COURT ERRED BY FAILING TO GRANT THE APPELLANT'S REQUESTED JURY INSTRUCTION OF FAILURE TO CALL A POTENTIAL WITNESS?

Appellant's Brief at 4.

■ Initially, we must determine whether appellant's request for a "missing witness" adverse inference jury instruction was timely. Appellant claims that the trial court erred by failing to grant his oral request for a "missing witness" adverse inference jury instruction prior to sending the jury out to deliberate. Specifically, appellant contends that the

trial court failed to provide counsel with an opportunity to submit requested points for charge. Appellant points to the record, which reveals that on Friday, October 15, 1993, counsel rested their cases and the proceedings ended. On the following Monday, the trial court immediately proceeded to begin the jury instructions, was interrupted, then instructed counsel to close to the jury. Thus, appellant concludes that he was not given the opportunity to formally request points for change, and therefore made a timely oral request when the trial court inquired of counsel whether it had made any mistakes.

Requests for jury instructions are governed by Pa. R.Crim.P. 1119, which follows in pertinent part:

> (a) Any party may submit to the trial judge written requests for instructions to the jury. Such requests shall be submitted within a reasonable time before the closing arguments, and at the same time copies thereof shall be furnished to the other parties. Before closing arguments, the trial judge shall inform the parties on the record of the judge's rulings on all written requests. The trial judge shall charge the jury after the arguments are completed.

Pa.R.Crim.P. 1119(c).

The trial court concluded that appellant's jury charge request was untimely and therefore violated this rule because it was submitted after closing arguments. We disagree.

In interpreting Rule 1119, our courts have reached mixed results as to whether a jury charge request has been timely submitted. *Compare Commonwealth v. Howard,* 538 Pa. 86, 99, 645 A.2d 1300, 1307 (1994) (charge untimely when submitted after jury sent out); *Commonwealth v. Romanelli,* 336 Pa.Super. 261, 271, 485 A.2d 795, 800 (1984) *affirmed,* 522 Pa. 222, 560 A.2d 1384 (1989) (charge untimely when submitted just prior to jury instructions); *with Commonwealth v. Gonzales,* 334 Pa.Super. 603, 608–09, 483 A.2d 902, 904–05 (1984) (request for charge timely when made in response to trial court inquiry as to other points/exceptions); *Commonwealth v. Young,* 271 Pa.Super. 59, 64, 412 A.2d 159, 162 (1979) (request

for charge timely where written request submitted after closing arguments but before jury retired).

We are of the opinion that our prior decision in *Commonwealth v. Gonzales, supra,* at 603, 483 A.2d 902 is dispositive of the timeliness issue. In that case, appellant's counsel responded to an inquiry from the bench as to whether either counsel wished to add a point for charge or take exception. Counsel for appellant made his request, which was denied on the basis of untimeliness under Rule 1119(a).

On appeal, this Court held that a jury instruction is not untimely requested when made in direct response to an inquiry from the trial court judge. *Commonwealth v. Gonzales, supra* at 609, 483 A.2d at 905. Similarly, here, counsel for appellant responded to the court's inquiry with a request for a specific point for charge, which was expressly denied on two grounds: on timeliness per Rule 1119(a) and on the merits. Because our decision in *Commonwealth v. Gonzales, supra* resolves the timeliness issue, we turn our attention to the trial court's determination that a "missing witness" adverse inference instruction was not warranted on the merits.

Appellant contends that the trial court erred by denying his requested jury instruction because the Commonwealth's failure to call the confidential informant entitled him to request that the jury be instructed that it could draw an adverse inference from the confidential informant's absence. Appellant first asserts that despite numerous defense requests and Trooper Fritz's preliminary hearing testimony that the confidential informant would testify at trial, his/her identity was never disclosed by the Commonwealth. Appellant further avers that the confidential informant, as an eyewitness, would provide probative and not merely cumulative testimony. Finally, appellant argues that because the confidential informant allegedly had prior dealings with the dealer nicknamed "Poodle," the delay of ten months between the transaction and arrest would place into question Trooper Fritz's identification and render the informant's testimony material and relevant. We agree.

■ Our Supreme Court has articulated what has come to be known as the "missing witness" adverse inference rule as follows:

When a potential witness is available to only one of the parties to a trial, and it appears this witness has special information material to the issue, and this person's testimony would not merely be cumulative, then if such party does not produce the testimony of this witness, the jury may draw an inference that it would have been unfavorable.

*Commonwealth v. Manigault*, 501 Pa. 506, 510–11, 462 A.2d 239, 241 (1983) (quotations, citations and emphasis omitted). However, this Court has summarized the circumstances that preclude issuance of the instruction as follows:

1. The witness is so hostile or prejudiced against the party expected to call him that there is a small possibility of obtaining unbiased truth;

2. The testimony of such a witness is comparatively unimportant, cumulative, or inferior to that already presented;

3. The uncalled witness is equally available to both parties;

4. There is a satisfactory explanation as to why the party failed to call such a witness;

5. The witness is not available or not within the control of the party against whom the negative inference is desired; and,

6. The testimony of the uncalled witness is not within the scope of the natural interest of the party failing to produce him.

*Commonwealth v. Boyd*, 356 Pa.Super. 302, 308–09, 514 A.2d 623, 626 (1986) *appeal denied*, 515 Pa. 618, 531 A.2d 427 (1987) (Johnson, J., concurring) (citing *Commonwealth v. Harley*, 275 Pa.Super. 407, 413, 418 A.2d 1354, 1357 (1980)).

■ In order for the "missing witness" adverse inference rule to be invoked against the Commonwealth, the witness must be available only to the Commonwealth and no other exceptions must apply. *Commonwealth v. Culmer*, 413 Pa.Super. 203, 218, 604 A.2d 1090, 1098 (1992). In order to determine whether a witness was "available" to a party, the trial

court must ascertain whether the witness was "peculiarly within the knowledge and reach" of one party. *Commonwealth v. Boyd, supra* at 307, 514 A.2d at 625 (citing *Commonwealth v. Newmiller,* 487 Pa. 410, 420, 409 A.2d 834, 839 (1979 (Per O'Brien, J., with two Justices concurring and one Justice concurring by Opinion).

Instantly, during the sidebar conference on appellant's oral motion for the "missing witness" instruction, the prosecutor argued that the confidential informant was not in the exclusive control[2] of the Commonwealth, and moreover, his/her testimony would merely be cumulative to that of Trooper Fritz. The trial court, which denied appellant's motion contemporaneous with hearing the prosecutor's statements later reasoned in its opinion dated December 27, 1994, that the interest in protecting the informant's safety essentially constituted a satisfactory explanation for not putting the informant on the stand. We cannot agree.

 Our review of the record discloses that there is no evidentiary support for the trial court's conclusion that the confidential informant was available to appellant. There is no proof that appellant knew the informant by name, or where he lived. *Contra Commonwealth v. Manigault, supra* at 511, 462 A.2d at 241 (where record is devoid of any evidence that

---

**2.** We believe the Commonwealth and the trial court have misstated the proper standard for determining whether a witness was "available" to one or both parties to a trial. The phrase "in control" or "in exclusive control" appears to have been used as synonymous with "peculiarly within the knowledge and reach" of a party. *See e.g. Commonwealth v. Jones,* 432 Pa.Super. 97, 105, 637 A.2d 1001, 1005 (1994) (*en banc*); *Commonwealth v. Delligatti,* 371 Pa.Super. 315, 326, 538 A.2d 34, 40 (1988), *appeal denied,* 520 Pa. 595, 552 A.2d 250 (1988). However, the standard for determining whether a witness is unavailable is not as strict as requiring him to be under the authority of a party, as the "control" concept suggests. Rather, our Supreme Court in *Bentivoglio v. Ralston,* 447 Pa. 24, 29, 288 A.2d 745, 748 (1972) applied the "peculiarly within the knowledge and reach" criteria, which plainly does not rise to the level of "control," but correctly requires factual application. This standard has consistently been followed by the Supreme Court in criminal cases, and albeit inconsistently, by this Court. *See Commonwealth v. Newmiller, supra* at 420, 409 A.2d at 839; *Commonwealth v. Boyd, supra* at 307, 514 A.2d at 625; *Commonwealth v. Bird,* 240 Pa.Super. 587, 591, 361 A.2d 737, 739 (1976).

witness was available only to Commonwealth, refusal to give missing witness charge not error); *Commonwealth v. Culmer, supra* at 218–19, 604 A.2d at 1098 (missing witness instruction not warranted where one witness remained unknown to both parties and other witness was made known to appellant); *Commonwealth v. Echevarria,* 394 Pa.Super. 261, 270–71, 575 A.2d 620, 625 (1990) *appeal denied,* 527 Pa. 633, 592 A.2d 1301 (1991) (missing witness instruction not warranted where defendant admitted that he knew the informant, whose name was testified to at trial). In fact, the defense requested that Trooper Fritz disclose the informant's identity at the preliminary hearing, to which Trooper Fritz testified that "there was a question whether he was going to testify or not. *He will testify now. He will be available for court.*" (N.T. Preliminary Hearing 2/8/91 at 7) (emphasis added). In light of this testimony, when asked on cross-examination whether she was prepared to disclose the identity of the informant at that time, Trooper Fritz responded "No." (*Id.* at 8). Additionally, on April 2, 1991, the defense requested the names of all eyewitnesses in a subsequent informal discovery letter to the Commonwealth, which was never answered. It is, therefore, clear that the confidential informant was "peculiarly within the knowledge and reach" of the Commonwealth while at the same time outside that purview vis-a-vis the defense. Merely because a confidential informant has knowledge of a defendant's nickname and whereabouts does not necessarily compel the conclusion that defendant has any knowledge of or can reach the informant in order to subpoena the informant as a witness.

Additionally, we must reject both the Commonwealth's argument that the confidential informant's testimony would be merely cumulative and the trial court's conclusion that concerns for the informant's safety constitute a satisfactory explanation for the Commonwealth's failure to put him/her on the stand. We do so on the basis of the reasoning provided by our Supreme Court's recent decision in a factually identical case, *Commonwealth v. Payne,* 540 Pa. 54, 656 A.2d 77 (1994).

In *Commonwealth v. Payne, supra,* an undercover state trooper and a confidential informant approached the appellant.

The informant spoke with the appellant; then the informant and the trooper followed the appellant to another location, where the trooper, with the informant as the sole witness to the crime, paid the appellant for cocaine. The appellant was not arrested until a full seven months had passed from the date of the transaction. The trooper had no contact with the appellant in the interim.

At trial, the trooper was the only witness for the prosecution. Subsequent to the trooper's identification of the appellant as the seller, defense counsel raised the issue of misidentification. Defense counsel then moved to force the prosecution to produce the missing informant/witness in order to test the trooper's identification.

The trial court, following an evidentiary hearing at which the appellant testified that he had not met the trooper prior to the arrest nor was he present at the scene on the night of the alleged transaction, denied the motion. The trial court explained that the Commonwealth did not intend nor need to call the informant as an eyewitness and that the court was mindful of the incarcerated informant's safety. *Id.* at 56, 656 A.2d at 78 (citing trial court opinion at 4–5).[3]

On appeal, our Supreme Court discussed in detail the balancing test necessary in "informant as material witness" cases, and held that "the proper balance between the prosecution and the defense necessarily must tip in favor of disclosure where guilt is based solely on a single observation by the police but testimony from a " 'more disinterested source is available.' " *Id.* at 58, 656 A.2d at 79 (quoting *Commonwealth v. Carter, supra* at 61, 233 A.2d at 288). Further, the court concluded that because the informant was the only other eyewitness to the alleged drug transaction, his/her identity

3. This Court in an unpublished memorandum opinion, affirmed on the basis of *Commonwealth v. Mickens,* 409 Pa.Super. 266, 274, 597 A.2d 1196, 1200 (1991), and stated that although "the informant's status as the only other eyewitness ... militate[s] in favor of the disclosure of his identity," balanced against the security of the informant, this Court would not disturb the trial court's factual determination that the informant's safety would be jeopardized. (No. 1921 Pittsburgh 1991, Slip op. at 5–6).

was both relevant to the appellant's defense of mistaken identity *and* necessary for a fair trial. *Id.* Thus, the court opined that "[f]undamental requirements of fairness mandate disclosure if the informer is the only material witness besides the single police officer." *Id.* Finally, the court noted that the appellant's defense of mistaken identity and his suggestion that another eyewitness might offer evidence to support his claim was bolstered by the lapse of time between the transaction and the arrest, which "allows for the possibility that the officer's memory of the transaction was mistaken." *Id.* at 60, 656 A.2d at 80. In vacating the appellant's sentence, our Supreme Court ultimately held that the informant/witness' identity must be revealed or the prosecution dropped. *Id.* at 54, 656 A.2d at 77.

◼ Although this Court recently concluded that the informant's safety constitutes a satisfactory explanation for the Commonwealth's failure to produce him/her, thereby precluding a "missing witness" instruction, *see Commonwealth v. Jones, supra,* at 97, 637 A.2d at 1001 that conclusion was based on a determination that the Commonwealth established a genuine concern for the personal safety and protection of the informant. *Id.* at 105, 637 A.2d at 1005. Here, however, the record discloses no showing made to that effect by the Commonwealth.[4] Indeed, it appears that the trial court made this determination *sua sponte.* The circumstances themselves, following *Commonwealth v. Payne, supra,* at 540 Pa. 54, 656 A.2d 77, demonstrate that the confidential informant's testimony would be material, particularly given the defense's consistent attack on Trooper Fritz's identification of appellant.

We are cognizant that appellant's counsel never filed a written motion for disclosure of the informant's identity under

---

4. During the sidebar discussion on appellant's motion, the prosecutor made several arguments against the issuance of the missing witness instruction, none of which related to protecting the safety of the informant. The prosecution argued that the request was untimely; that a motion for disclosure was a prerequisite; that the informant was not in the Commonwealth's control; and that the informant's testimony would be merely cumulative to that of Trooper Fritz. (N.T. 10/18/93 at 60).

Pa.R.Crim.P. 305(B). However, the record reveals that Trooper Fritz affirmatively testified that the confidential informant would testify at trial. Therefore, appellant's counsel had no need to subpoena the confidential informant, because appellant's defense was misidentification, and the confidential informant, as the only other eyewitness besides Trooper Fritz, would either confirm or dispute the identification. *See Commonwealth v. Payne, supra* at 56, 656 A.2d at 78.

Additionally, both the Commonwealth and the trial court suggest that a formal Rule 305(B) motion to disclose a witness' identity is a prerequisite to a request for a "missing witness" instruction. We have found absolutely no case law that supports this proposition. Moreover, the fact that the appellant in *Commonwealth v. Payne, supra* may or may not have filed a formal discovery motion to disclose the informant's identity did not preclude the trial court from entertaining the appellant's motion filed in open court during trial. Similarly, here, although several informal requests for disclosure of the informant's identity were made by appellant's counsel, to which the Commonwealth responded negatively or not at all, these circumstances do not preclude an appellant from requesting the "missing witness" instruction, and upon the proper opportunity for the Commonwealth to challenge, have the court rule on the motion.

Based on the foregoing, we conclude that appellant timely and properly moved for a "missing witness" adverse inference instruction. Further, we hold that the trial court erred in denying the request, as the record does not support either a determination that the informant was available to the defense or that his/her testimony would have been merely cumulative of Trooper Fritz's testimony. Finally, we hold that the trial court erred by *sua sponte* concluding that the informant's safety constituted a satisfactory explanation for his/her absence where no such showing was even proffered by the Commonwealth.

Accordingly, we reverse judgment of sentence and remand to the trial court for proceedings not inconsistent with this

opinion.[5]

Judgment of sentence reversed.

**5.** We recognize that upon remand, appellant's counsel will likely file a formal motion to disclose the identity of the confidential informant, and according to our Supreme Court's holding in *Commonwealth v. Payne, supra,* under these circumstances, the informant's identity must be revealed or the prosecution dropped. We do however, share the concerns expressed by Justice Castille in his cogent concurring opinion that such a remedy may be unfairly punitive in nature, and reward an appellant with "what amounts to a directed verdict (not guilty in this case) where a material witness uniquely available to one party is not presented." *Commonwealth v. Payne, supra* at 63–64, 656 A.2d at 81–82 (Castille, Justice, concurring). Rather, the proper resolution would appear to be through a "missing witness" instruction request, and then to permit the court to *properly* balance the countervailing interests of each party. Nonetheless, because we see no legally relevant distinction between *Commonwealth v. Payne, supra* and the instant case, we are obliged to follow its holding. *See Commonwealth v. Warrick,* 415 Pa.Super. 385, 392 n. 4, 609 A.2d 576, 580 n. 4 (1992) (as an intermediate appellate court, Superior Court is bound by decisions of Pennsylvania Supreme Court, absent a legally relevant distinction).