**COMMONWEALTH of Pennsylvania, Appellant,**

v.

**David DARUSH, Appellee.**

Superior Court of Pennsylvania.

Argued March 23, 1999.
Filed April 23, 2002.

Mary B. Seiverling, Deputy Attorney General, Harrisburg, for Commonwealth, appellant.

Paul D. Boas, Pittsburgh, for appellee.

BEFORE: DEL SOLE, JOYCE and BECK, JJ.

OPINION BY DEL SOLE, J.

¶ 1 This matter is before this Court pursuant to a remand order of our Supreme Court which reversed our earlier decision and directed remand for reconsideration in light of its decision in *Commonwealth v. Rekasie,* 566 Pa. 85, 778 A.2d 624 (2001). *See Commonwealth v. Darush,* 9 W.D. 200, filed January 8, 2002.

¶ 2 The appeal was brought by the Commonwealth from a pretrial suppression order which directed the suppression of the contents of a recorded one-party consensual telephone conversation made to Appellee's home and a later call placed to Appellee's "shop." This Court affirmed the trial court's ruling. We held that *Commonwealth v. Brion* 539 Pa. 256, 652 A.2d 287 (1994) and *Commonwealth v. Schaeffer,* 370 Pa.Super. 179, 536 A.2d 354 (1987), *aff'd,* 539 Pa. 272, 652 A.2d 294 (1994), established that Appellee's legitimate expectation of privacy was violated when a one-party consensual intercept recorded telephone conversations placed to Appellee in his home. We further found that the recording of a subsequent telephone conversation placed to Appellee at his shop was properly suppressed as "fruit" of the initial seizure. We ruled that absent the issuance of a warrant prior to the recording of such a conversation, the monitoring was prohibited and the trial court properly granted Appellee's motion to suppress the recorded conversations. *Commonwealth v. Darush,* 740 A.2d 722 (Pa.Super.1999). Pursuant to our Supreme Court's remand order we now reconsider our decision in view of the ruling set forth in *Rekasie.*

¶ 3 In *Rekasie* law enforcement officials engaging in a drug investigation received approval in accordance with 18 Pa.C.S.A. § 5704(2)(ii) to conduct a voluntary intercept of telephone conversations initiated by a call placed by a cooperative informant to the defendant in the defendant's home. The Supreme Court considered whether "our Commonwealth's Constitution requires that the Commonwealth obtain a probable cause determination from a neutral judicial authority before it may monitor a telephone conversation between a cooperative informant and another individual." *Id.* at 627. The Court found that it first must determine whether the defendant held a reasonable expectation of privacy in his telephonic communication. It ruled that because of the nature of telephonic communication any expectation of privacy that the defendant held was not "an expectation that society would recognize as objectively reasonable." *Id.* at 631. Accordingly, the Court held that "the Commonwealth was not required to obtain a determination of probable cause by a neutral judicial authority prior to monitoring the telephone conversation between [the defendant] and the confidential informant...." *Id.*

¶ 4 We are compelled by this decision to make the same ruling in this case. We hold that taped conversations consented to by the undercover agent pursuant to 18 Pa.C.S.A. § 5704(2)(ii), and recorded following a call by the agent to Appellee's home and subsequently his office did not

violate Appellee's reasonable expectation of privacy and did not require a warrant based upon a finding of probable cause. We see no distinction in these cases based upon the fact that in *Rekasie* the consent for the recording of the conversation was given by a police informant and in this case consent was given by an undercover officer. In either event at issue is the expectation of privacy held by the person whose conversation is being intercepted. *Rekasie* instructs that, based upon the "realities of telephonic communication," one who speaks by telephone to another does not possess an expectation of privacy that "society is willing to recognize as reasonable." *Id.*

¶5 In accordance with *Rekasie,* we reverse the trial court's order granting Appellee's motion to suppress the taped conversations.[1]

¶6 Order reversed. Case remanded. Jurisdiction relinquished.

---

1. Appellee also makes an argument that the *Rekasie* decision was improperly decided in that it "blatantly disregards United States Supreme Court law." Appellee's Brief at 1. We decline to examine this claim in view of the fact that this Court, as an intermediate appellate court, is bound by the rulings of the Pennsylvania Supreme Court. *Commonwealth v. Evans* 444 Pa.Super. 545, 664 A.2d 570, 576 n. 5 (1995).