J-S59021-17

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| BILLY WHITE | : | |
| | : | |
| Appellant | : | No. 3130 EDA 2016 |

Appeal from the PCRA Order September 27, 2016
In the Court of Common Pleas of Montgomery County
Criminal Division at No(s):  CP-46-CR-0002430-2012

BEFORE:   BENDER, P.J.E., OTT, J., and FITZGERALD, J.[*]

MEMORANDUM BY OTT, J.:                    **FILED DECEMBER 26, 2017**

Billy White appeals *pro se*[1] from the order entered September 27, 2016, in the Court of Common Pleas of Montgomery County, that denied in part, following a hearing, his first petition filed pursuant to the Pennsylvania Post Conviction Relief Act, 42 Pa.C.S. §§ 9541–9546.[2]  White seeks collateral relief

---

[*] Former Justice specially assigned to the Superior Court.

[1] On November 18, 2016, following a hearing in accordance with *Commonwealth v. Grazier*, 713 A.2d 81 (Pa. 1998), the PCRA court entered an order concluding that White made a knowing, intelligent and voluntary waiver of his right to counsel for his direct appeal to this Court. The PCRA court's order of November 18, 2016 also granted court-appointed counsel's petition for leave to withdraw from representation of White in the PCRA court. This Court, on December 19, 2016, granted counsel leave to withdraw from representation of White in this appeal, based upon the PCRA court's November 18, 2016 order.

[2] The PCRA court's order granted relief with regard to sentencing and denied all other claims.   This order is a final, appealable order.  **See Commonwealth**

from the judgment of sentence to serve an aggregate term of five to 10 years' imprisonment, imposed after a jury found him guilty of burglary, criminal trespass, terroristic threats, possession of marijuana, possession of drug paraphernalia, and carrying a firearm without a license.[3] Based upon the following, we affirm in part, reverse in part, and remand for resentencing.

The parties are well acquainted with the facts of this case, which were set forth by this Court in White's direct appeal. *See Commonwealth v. White*, 100 A.3d 294 (Pa. Super. 2014) (unpublished memorandum).

Before this Court, White raises the following 11 issues, which we reproduce *verbatim*:

[1.] WAS TRIAL COUNSEL INFFECTIVE IN FAILING TO REQUEST A MISSING WITNESS CHARGE FOR KENNETH TUGGLE WHOSE NAME WAS PROVIDED IN THE AFFIDAVIT WHICH COULD BEEN DISCOVERED SIMPLY BY READING THE AFFIDAVIT BEING THAT COUNSEL CIRILLO NEVER COME TO VISIT THE PETITIONER OR WENT OVER A STRATEGY BEFORE TRIAL BECAUSE OF HIS ASSUMPTION WITNESSES WERE NOT WILLING TO TESTIFY?

[2.] WAS THE TRIAL COUNSEL INEFFECTIVE IN FAILING TO CHALLENGE THE VERACITY AND THE 'LACK OF PROBABLE CAUSE; OF THE AFFIDAVIT BEING THAT THE PETITIONER WAS ARRESTED SOLEY ON A ARREST WARRANT THAT DOES NOT EXIST THE NIGHT IN QUESTION?

[3.] WAS TRIAL COUNSEL INEFFECTVE IN FAILING TO SUPPRESS THE ILLEGAL ENTRY IN TO PETITIONER GARAGE AT HIS GIRL FRIENDS HOUSE AND THE ILLEGAL SEIZURE OF PETITIONER'S

_____

*v. Grove*, 170 A.3d 1127 [2017 Pa. Super. LEXIS 662 *17-*18] (Pa. Super. 2017).

[3] 18 Pa.C.S. §§ 3502(a), 3503(a)(1)(i), and 2706(a)(1); 35 P.S. § 780-113(a)(31) and (32); and, 18 Pa.C.S. § 6106(a)(1), respectively.

MOTHER'S VEHICLE WITH OUT A WARRANT OR HER PERMITTING AND STATEMENTS THAT WAS PROVIDED DAYS LATER?

[4.] WAS TRIAL COUNSEL INEFFECTIVE IN FAILING TO FILE POST MOTIONS ON THE BEHALF OF PETITIONER ESPECIALLY AFTER THE NEW DISCOVERED EVIDENCE OF OFFICER TRIMBUR TESTIMONY AT TRIAL WAS DIFFERENT THEN DETECTIVE JACKSON AFFIDAVIT AND [T.T.'S] NEW STATEMENT AND [B.T.'S] SUPRIZED AMENDED ALLEGED INCIDENT?[4]

[5.] DID OFFICERS 'LACK SUBJECT MATTER JURISDICTION'/PROBABLE CAUSE TO ARREST THE PETITIONER WHEN NO ARREST WARRANT DID NOT EXIST AND NO FELONIES OR MISDEMEANOR WERE COMMITED IN THE PRESENCE OF THE OFFICER THE NIGHT IN QUESTION?

[6.] WAS THERE A LACK OF "SUBJECT MATTER JURISDICTION" WHEN PROPERLY PROSECUTING THE PETITIONER WHEN NO INDICTMENT TOOK PLACE WHEREAS THOUGH THE BILL OF INFORMATION IS INVAILD ON ITS FACE BECAUSE THE INFORMATION DOES NOT SPECIFIY WHICH SUB SECTION PARTICULAR MODE OR CONSTITUTION OR STATUE FOR BURGLARY THE PETITIONER COMMITED, THAT'S A DEFECT?

[7.] DID THE TRIAL COURT HAVE JURISDICTION OVER THE PETITIONER WHEN NO INDICTMENT TOOK PLACE AT THE PRELIMINARY AND THE WITNESSES CHOSE NOT TO TESTIFY AND EXERCISING THEIR 5TH AMENDMENT RIGHT IN WHICH VIOLATED PETITIONERS CONSTITUTIONAL RIGHT TO CONFRONT HIS ACCUSERS?

[8.] WAS THE TRIAL COUNSEL INEFFECTIVE IN FAILING TO LET THE COURT AND THE JURY AND CLIENT KNOW HE PREVIOUSLY REPRESENTED [T.T.] AND WAS CURRENTLY REPRESENTING HER DAUGHTER FOR DRUG CHARGES?

[9.] DID THE PROSECUTION COMMIT A MISCONDUCT WHEN ESTABLISHING PRIMA FACIE CASE AT THE PRELIMINARY WHEN THE AFFIDAVIT AND STATEMENTS WAS PREPARED AFTER THE ILLEGAL SEARCH AND THE CERTIFIED SEARCH WARRANT WAS

_____

[4] Because the names of T.T. and B.T. were changed to initials in White's direct appeal, we do likewise.

UNSIGNED AND NO ARREST EVEN EXISTED AT THAT TIME AND WITNESSES DID NOT TESTIFY FOR THE COMMONWEALTH AND WITH HOLD EVIDENCE BEFORE AND AFTER TRIAL?

[10.] DID THE POLICE COMMIT A MISCONDUCT BY PURPOSELY MISLEADING REPORTS ON THE CRIMINAL JUSTICE PROCESS BY FALSIFYING PERJURING FRAUD PREPPING AND TAMPERING WITH WITNESSES?

[11.] DID THE TRIAL COURT COMMIT PROFESSIONAL MISCONDUCT WHEN LEAD ATTORNEY CIRILLO AT THE P.C.R.A. HEARING TO MAKE HIM EFFECTIVE AND PERSUAUDE HIM TO SAY SOMETHING CIRILLO KNEW WAS UNTRUE AFTER HE JUST PERJURED HIMSELF ON THE STAND?

White's Brief at 4–5 (Statement of Questions Involved).[5]

Our standard of review of a PCRA court's ruling is well settled:

Under the applicable standard of review, we must determine whether the ruling of the PCRA court is supported by the record and is free of legal error. The PCRA court's credibility determinations, when supported by the record, are binding on this Court. However, this Court applies a *de novo* standard of review to the PCRA court's legal conclusions.

***Commonwealth v. Spotz***, 18 A.3d 244, 259 (Pa. 2011) (citations omitted).

Preliminarily, we note that White presents no argument regarding the fifth, seventh, ninth, tenth, and eleventh issues identified in the Statement of Questions Involved. Accordingly, these issues have been waived. ***See***

***Commonwealth v. Bullock,*** 948 A.2d 818, 823 (Pa. Super. 2008) (stating

---

[5] White timely complied with the order of the trial court to file a Pa.R.A.P. 1925(b) statement, after the PCRA granted an extension of time. White raised 52 claims in his concise statement. ***See*** White's Concise Statement, 11/25/2016.

an issue identified on appeal but not developed in an appellant's brief is abandoned and, therefore, waived).

Herein, White raises numerous claims to trial counsel's ineffectiveness. In our reviewing these ineffectiveness claims,

> [w]e begin our analysis … with the presumption that counsel is effective. To prevail on his ineffectiveness claims, Appellant must plead and prove, by a preponderance of the evidence, three elements: (1) the underlying legal claim has arguable merit; (2) counsel had no reasonable basis for his action or inaction; and (3) Appellant suffered prejudice because of counsel's action or inaction.

*Spotz, supra*, 18 A.3d at 259-60 (2011) (citations omitted).

White first claims trial counsel was ineffective for failing to request a missing witness charge for Kenneth Tuggle.

> The missing witness adverse inference rule has been summarized as follows:
>
> > When a potential witness is available to only one of the parties to a trial, and it appears this witness has special information material to the issue, and this person's testimony would not merely be cumulative, then if such party does not produce the testimony of this witness, the jury may draw an inference that it would have been unfavorable.
>
> *Commonwealth v. Manigault*, 501 Pa. 506, 510-11, 462 A.2d 239, 241 (1983) (quotations, citations and emphasis omitted). This Court has delineated the circumstances which preclude issuance of the instruction.
>
> > 1. The witness is so hostile or prejudiced against the party expected to call him that there is a small possibility of obtaining unbiased truth;

- 5 -

2. The testimony of such a witness is comparatively unimportant, cumulative, or inferior to that already presented;

3. The uncalled witness is equally available to both parties;

4. There is a satisfactory explanation as to why the party failed to call such a witness;

5. The witness is not available or not within the control of the party against whom the negative inference is desired; and

6. The testimony of the uncalled witness is not within the scope of the natural interest of the party failing to produce him.

*Commonwealth v. Evans*, 444 Pa. Super. 545, 664 A.2d 570, 573-74 (Pa. Super. 1995). To invoke the missing witness instruction against the Commonwealth, the witness must only be available to the Commonwealth and no other exceptions must apply. *Commonwealth v. Culmer*, 413 Pa. Super. 203, 604 A.2d 1090, 1098 (Pa. Super. 1992).

*Commonwealth v. Boyle*, 733 A.2d 633, 638-39 (Pa. Super. 1999).

Here, White failed to prove that Kenneth Tuggle was only available to the Commonwealth. Further, the testimony of Kenneth Tuggle was comparatively unimportant and cumulative. *See* N.T., 9/14/2016, at 47 (Lieutenant Jackson explaining, "the only information [Kenneth Tuggle] had was that Billy White was standing outside, but we already confirmed that when police arrived and Billy White was outside the home."). As such, a missing witness instruction would not have been available. Therefore, White's first claim fails.

With regard to the second and fourth issues, which are ineffectiveness claims, these issues were not raised in the PCRA Court. *See* Pa.R.A.P. 302(a) ("Issues not raised in the lower court are waived and cannot be raised for the first time on appeal."). Even if these claims were raised below, White failed to include these claims in his Pa.R.A.P. 1925(b) statement. *See* White's Concise Statement, 11/25/2016, at 4 ("Trial Counsel's ineffectiveness). Rule 1925(b)(vii) provides: "Issues not included in the Statement and/or not raised in accordance with the provisions of this paragraph (b)(4) are waived." Therefore, the claims would be waived on this basis. Accordingly, no relief is due.

The third and eighth issues are also ineffectiveness claims, and we address them sequentially. In the third issue, White contends trial counsel was ineffective in failing to file a suppression motion regarding the search of his car. In the eighth issue, White contends trial counsel was ineffective for representing White when counsel had a conflict of interest based upon his representation of a witness, T.T., and her daughter, B.T.

With respect to the third issue, where "an assertion of ineffective assistance of counsel is based upon the failure to pursue a suppression motion, proof of the merit of the underlying suppression claim is necessary to establish the merit of the ineffective assistance of counsel claim." *Commonwealth v. Jones*, 942 A.2d 903, 909 (Pa. Super. 2008).

The PCRA court explained the suppression issue revolved around the assertion that the search warrant was unsigned by the issuing authority and/or there was a problem with the date the warrant was signed. The PCRA court determined the suppression issue was meritless because testimony at the PCRA hearing belied these contentions. The PCRA court found that Detective Michael Jackson testified credibly that the search warrant date read the 27th and not the 22nd as it appeared to PCRA counsel, and that he waited for the issuing authority, Judge Cathleen Rebar, to sign the warrant before he began searching White's car. The PCRA court concluded any suppression motion would have been denied, and we find no error in the PCRA court's determination. *See* PCRA Court Opinion, 1/3/2017, at 19. Therefore, White's third claim fails.

Nor do we find merit in White's eighth claim, that trial counsel was ineffective because he had a conflict of interest because he represented Commonwealth witness, T.T., and her daughter, B.T.

> [T]o establish a conflict of interest, an appellant must show that "counsel actively represented conflicting interests[,] and the actual conflict adversely affected counsel's performance." ***Commonwealth v. Small***, 602 Pa. 425, 980 A.2d 549, 563 (Pa. 2009) (citing ***Spotz V***, 896 A.2d at 1232); ***see also Commonwealth v. Weiss***, 604 Pa. 573, 986 A.2d 808, 818 (Pa. 2009) (rejecting the view that counsel's representation of a client continues until such time as the client's sentence expires, and requiring a petitioner who alleges a conflict of interest rooted in his counsel's obligation to a former client to establish that the conflict adversely affected counsel's performance).

***Spotz, supra,*** 18 A.3d at 268.

The PCRA court found White waived this ineffectiveness claim with respect to B.T. because this issue was raised for the first time on appeal. The PCRA court further opined that with respect to trial counsel's previous representation of T.T., trial counsel credibly testified at the evidentiary hearing that his previous representation of T.T. did not affect his cross-examination of her at White's trial. The PCRA court concluded White had established neither that his counsel represented conflicting interests, nor that the alleged conflict adversely affected counsel's performance. *See* PCRA Court Opinion, 1/3/2017, at 17–18. We find the PCRA court has properly disposed of this claim, and we conclude White's argument warrants no further discussion by this Court. Therefore, White's eighth claim fails.

With regard to the sixth issue, regarding subject matter jurisdiction based upon an alleged defect in the charging document, White argues the "information is invalid on its face because the information does not specify which sub section particular mode or constitution or statue for burglary the petitioner committed that's a defect." White's Brief at 26 (*verbatim*).

The courts of common pleas have statewide jurisdiction in all cases arising under the Crimes Code. *Commonwealth v. Jones*, 929 A.2d 205, 210 (Pa. 2007) (citation omitted). The Commonwealth invokes that jurisdiction when it files a formal and specific accusation of the crimes charged. *Id*. at 211-212. Although the Information is not included in the certified record, it is evident from this Court's prior memorandum, which

reproduces the burglary charge set forth in the Information, that White was properly charged with burglary under extant 18 Pa.C.S. § 3502(a). **See Commonwealth v. White**, 100 A.3d 294 (Pa. Super. 2014) (unpublished memorandum, at 15 n.5). Therefore, this issue is meritless.

Nevertheless, while the claims presented by White in this appeal are either waived or meritless, we recognize the PCRA court found merit in White's claim that "trial counsel was ineffective for failing to object to White's illegal mandatory minimum sentence of five to ten years" imposed on the burglary conviction, pursuant to 42 Pa.C.S. § 9712. PCRA Court Opinion, 1/3/2017, at 20. The PCRA court opined:

> In this case, White was sentenced on February 8, 2013 and he was sentenced pursuant to a mandatory minimum in Section 9712. White did file a timely appeal, which was decided on March 4, 2014. White's direct appeal was pending at the time **Alleyne** [**v. United States**, 133 S. Ct. 2151 (U.S. 2013)] was decided on June 17, 2013. Therefore, the holding of **Alleyne** applies.[6] **See Commonwealth v. Ruiz**, 131 A.3d 54, 58 (Pa. Super. 2015) (defendant was entitled to the benefit of **Alleyne** where he raised the claim in a timely PCRA petition and his judgment of sentence

---

[6] In **Alleyne**, the United States Supreme Court held "[a]ny fact that, by law, increases the penalty for a crime is an 'element' that must be submitted to the jury and found beyond a reasonable doubt." **Alleyne, supra**, 133 S.Ct. at 2155. Applying **Alleyne**, the courts of this Commonwealth have determined our mandatory minimum sentencing statutes are unconstitutional where the language of those statutes "permits the trial court, as opposed to the jury, to increase a defendant's minimum sentence based upon a preponderance of the evidence" standard. **Commonwealth v. Newman**, 99 A.3d 86, 98 (Pa. Super. 2014) (*en banc*) (invalidating 42 Pa.C.S. § 9712.1), *appeal denied*, 632 Pa. 693, 121 A.3d 496 (Pa. 2015). **See Commonwealth v. Valentine**, 101 A.3d 801 (Pa. Super. 2014) (declaring 42 Pa.C.S. § 9712 unconstitutional under **Alleyne** and **Newman**).

was still pending on direct review when **Alleyne** was handed down). Accordingly, White is entitled to a new sentencing hearing.

*Id.* at 21. The PCRA court "requests a limited remand so that White might be granted a new sentencing hearing." *Id.* at 1. We agree with the PCRA court, and note the Commonwealth concedes that White is entitled to resentencing. *See* Commonwealth's Brief at 8.

Accordingly, the order of the PCRA court is affirmed in part, reversed in part, and this case is remanded for resentencing.

Order affirmed in part, reversed in part. Case remanded for resentencing. Jurisdiction relinquished.

*Judgment Entered.*

*Joseph D. Seletyn, Esq.*
*Prothonotary*

Date: _12/26/2017_